IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

EDWARD FOLKS,                          )
                                       )
                Plaintiff,             )
                                       )
        vs.                            )        Case No. 5:16-cv-901
                                       )
ILLINOIS MUTUAL LIFE INSURANCE         )
COMPANY,                               )
                                       )
                Defendant.             )

## NOTICE OF REMOVAL

Defendant Illinois Mutual Life Insurance Company ("Illinois Mutual") files the following

Notice of Removal.

## Introduction

1.      On August 5, 2016, Plaintiff Edward Folks ("Plaintiff" or "Folks") filed his

Original Petition in the County Court at Law No. 10, Bexar County, Texas in a lawsuit styled

*Edward Folks v. Illinois Mutual Life Insurance Company*, Cause No. 2016CV04360 (the "State

Court Action").

2.      Illinois Mutual was provided with a copy of the Petition on August 10, 2016.

3.      Pursuant to 28 U.S.C. § 1446(a), Illinois Mutual has attached copies of all

process, pleadings, or orders served on it or by it in the State Court Action as Exhibit 1 to this

Notice of Removal.  Illinois Mutual files this removal notice within the 30-day period required in

28 U.S.C § 1446(b).

## **GROUNDS FOR REMOVAL**

4.     This case is removable under 28 U.S.C. § 1441 based on federal diversity jurisdiction existing under 28 U.S.C. § 1332, for the following reasons:

a.   Plaintiff is an individual citizen of Texas.  *See* Petition at ¶ 2 (Exhibit 1).  Illinois Mutual is a citizen of Illinois.  *See* Petition at ¶ 3 (Exhibit 1).  Thus, the parties are diverse.

b.   Plaintiff filed the instant case in the County Court of Bexar County, Texas. Plaintiff alleges claims for breach of contract (Petition at ¶ E); violations of the Texas Deceptive Trade Practices Act (Petition at ¶ F); violations of the Texas Insurance Code, Chapter 541 (Petition at ¶ G); breach of an alleged duty of good faith and fair dealing (Petition at ¶ H); and violations of Chapter 542 of the Texas Insurance Code (Petition at ¶ I).  He seeks economic damages, incidental damages, consequential damages, additional damages, treble damages, punitive damages, exemplary damages, and attorney's fees. (Petition at ¶ N).  It is therefore apparent from an analysis of Plaintiff's allegations that the amount in controversy in this action exceeds the jurisdictional sum of $75,000.00.  *See St. Paul Reinsurance Co, Ltd. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998); *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

c.   There is complete diversity of citizenship between Plaintiff and Illinois Mutual; and the amount in controversy exceeds $75,000.  This case, therefore, is removable based on diversity jurisdiction.

4.     Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place where the removed action has been pending.  *See* 28 U.S.C. § 124(d)(4).

5.     Pursuant to 28 U.S.C. § 1446(d), Illinois Mutual will promptly provide written notice of this removal to the County Court at Law, Bexar County, Texas.

**Conclusion**

By this Notice of Removal, Illinois Mutual does not waive any objections it may have as to jurisdiction or venue, or any other defenses or objections it may have to this action.  Illinois Mutual intends no admission of fact, law or liability by this Notice, and expressly reserves all defenses, motions and/or pleas.

Dated:  September 9, 2016.

Respectfully submitted,


By: /s/ Andrew F. MacRae

ANDREW F. MACRAE
State Bar No. 00784510
LEVATINO|PACE PLLC
1101 S. Capital of Texas Hwy
Building K, Suite 125
Austin, Texas 78746
Tel:  (512) 637-1581
Fax:  (512) 637-1583
andrew@lpfirm.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Notice of Removal has been filed through the Western District CM/ECF system this 9th day of September, 2016.  I have also forwarded a copy of this Notice of Removal, via facsimile, to the following counsel of record:

Robert D. Dabaghian
8207 Callaghan Road, Suite 250
San Antonio, Texas 78230


/s/ Andrew F. MacRae
ANDREW F. MacRAE

3

Bexar County, County Clerk
Gerard Rickhoff
Accepted Date: 8/5/2016 9:09:52 AM
Accepted By: Jacobo Reyes-Marchena
/s/ Jacobo Reyes-Marchena
Deputy Clerk

## 2016CV04360

CAUSE NO. _____

| | | |
|---|---|---|
| EDWARD FOLKS | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| PLAINTIFFS | § | |
| | § | |
| | § | |
| v. | § | AT LAW NUMBER ___ CC# 10 |
| | § | |
| | § | |
| | § | |
| ILLINOIS MUTUAL LIFE INSURANCE COMPANY | § | |
| | § | |
| DEFENDANT | § | BEXAR COUNTY, TEXAS |

---

## PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Edward Folks ("Folks"), Plaintiff in the above-styled cause of action and files this, his Original Petition and Written Discovery against Defendant Illinois Mutual Life Insurance Company, respectfully showing unto the court the following:

### A.
### Discovery Control Plan

1.      Discovery in this case is intended to be conducted under level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### B.
### Parties

2.      Plaintiff, Edward Folks, is an individual that resides in San Antonio, Bexar County, Texas.

-1-

**EXHIBIT 1**

Submit Date:  8/4/2016 4:28:48 PM

3.      Defendant, Illinois Mutual Life Insurance Company, is a Illinois insurance company doing business in San Antonio, Bexar County, and said Defendant has agreed to accept service of petition and citation through its attorney of record, Andrew F. MacRae, Levatino Pace, LLP, located at 1101 S. Capital of Texas Hwy., Building K, Suite 125, Austin, Texas 78746.

## C.
## Jurisdiction and Venue

4.      This Court has jurisdiction over the controversy as the amount in controversy exceeds the minimum jurisdictional limits of this court.  Venue is proper in Bexar County, Texas in that all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County, Texas.

## D.
## Statement of Facts

5.      On or about July 7, 2015, while bathing at his home, Plaintiff slipped and fell in the shower. Due to the pain he felt following the fall, coupled with the numbness and tingling sensation in both his hands and arms when Plaintiff woke the next morning; he sought immediate medical attention with his primary care physician, Dr. David Kaiser.

6.      During the course of time while being under the care of his physician, Plaintiff was prescribed physical therapy in an attempt to control the pain and sensations he was experiencing in his neck, arms, and hands.  Although the physical therapy did reduce the pain and symptoms to some extent, Plaintiff's physicians thought it necessary to have an MRI of the affected area.  Plaintiff was also sent for an Electromyography and Nerve Conduction Study in order to diagnose the root cause of the pain.

7.     The MRI revealed bulging discs as well as other abnormalities in the neck and upper back area.  These abnormalities are consistent with the symptoms Plaintiff exhibited with the numbness and tingling in his arms and hands following the incident.

8.     At the time of the incident in the shower, Plaintiff maintained a disability rider to his policy with the Defendant.  The rider provided for monthly payments of $1,500.00 for each and every month that Plaintiff was considered "disabled" as defined under the policy.  All payments on the policy were current and the policy was in force on the date of the loss.

9.     The terms of the insurance rider places Plaintiff in a status as "totally disabled".  Since the date of the incident and up through December 28, 2015, Plaintiff was under the care of certain physicians that were examining his condition and monitoring his recovery.  Furthermore, Defendant was provided evidence from Plaintiff about his inability to perform two or more of the Defendant's "Activities of Daily Living" as outlined in the policy, from the time of the incident through the time in which Plaintiff was released from care with his physician.  The Defendant has since denied benefits extending past the date of August 27, 2015.  Defendant takes this position and bases it decision on lack of documentation provided by Dr. Bustamante.

10.     Although the disability claim was submitted in proper form and within the time specified in the insurance policy, with all of the information concerning the events surrounding the loss, Defendant has failed to attempt in good faith to bring about a prompt, fair, and equitable settlement of the claim. There was and is no justifiable basis for the Defendant's actions in failing to pay all of the benefits on this claim.  It was not until Plaintiff retained the services of attorney Hank Dietert, that the Defendant paid a portion of the benefits that Plaintiff was entitled to receive.

11.     As noted above, the Defendant's reasons for denying benefits past August 27, 2015 was because Dr. Bustamante failed to provide the Defendant with any further documentation regarding Plaintiff's condition or limitations.  These reasons are not consistent with the policy.  The policy does not require that a physician provide proof of the insured's losses.  The policy merely indicates that proof must be tendered.  This was accomplished by Plaintiff's direct communications with the Defendant during the course of his recovery.  Furthermore, Dr. Bustamante did not release Plaintiff from his care and authorize him to work, if he so chose to do so, until December 28, 2015.

12.     Defendant also relies upon the results of an examination of Plaintiff by a physical therapist designated by the Defendant; not a medical doctor.  This examination was conducted in November 2015.  In this examination, the physical therapist did not cover the "Activities of Daily Living", but merely performed some range of motion tests with Plaintiff.  This examination merely focused on what Plaintiff could perform; not what his limitations were or what he could not accomplish.

13.     Although the short term disability claim was submitted in proper form and within the time specified in the insurance policy, with all of the information concerning the events surrounding the loss, the Defendant has failed to attempt in good faith to bring about a prompt, fair, and equitable settlement of the claim.  There was and is no justifiable basis for the Defendant's actions in failing to fully pay the benefits on this claim.

14.     On account of Plaintiff's purchase of these services; the Defendant's misrepresentation regarding the policy coverage; and its mishandling and unjustified refusal to settle this claim, Plaintiff placed the Defendant on notice of his claims for violations of the Texas Deceptive Trade Practices and the Texas Insurance Code.

15.     Due to the Defendant's actions as set forth above, Plaintiff has been damaged within the jurisdictional limits of this court.

### E.
### Breach of Contract

16.     Plaintiff re-alleges each and every allegation contained in Paragraphs 1 through 15 as though fully set forth here.

17.     At the time of the incident, Plaintiff was insured with the Defendant, by and through Policy Number 1541385. All payments on the policy were current and the policy was in force on the date of the loss. Plaintiff performed his contractual obligations to Defendant by paying the premiums on the insurance policy. The Defendant has breached the agreement by failing to perform its obligations under the terms of policy by paying the benefits that Plaintiff is entitled to receive.

18.     Although Plaintiff filed the claim for disability under his policy in proper form and within the time specified in the policy, the claim had not been properly processed nor paid in accordance with the provisions of the policy.

19.     Because the Defendant had originally improperly denied the claim, and later only paid a portion of the claim, Plaintiff has incurred damages within the jurisdictional limits of this court.

### F.
### Violation of the Texas Deceptive Trade Practices Act

20.     Plaintiff re-alleges each and every allegation contained in Paragraphs 1 through 19 as though fully set forth here.

21.     Plaintiff gave the Defendant notice as required by the Texas Deceptive Trade Practices Act via letter dated March 17, 2016.

22.     Defendant has violated several provisions of §17.46 of the Texas Deceptive Trade Practices Act as this Defendant has engaged in false, misleading, and/or deceptive acts or practices that Plaintiff relied upon to his detriment.  Defendant has violated several of the "laundry list" items under § 17.46(b) of the Act, that include, but are not limited to the following:

    a.    Causing confusion or misunderstanding about the source, sponsorship, approval, or certification of goods or services, in violation of § 17.46(b)(2) of the DTPA;

    b.    Falsely Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities they do not have, in violation of § 17.46(b)(5) of the DTPA;

    c.    Falsely representing that goods or services are of a particular standard, quality, or grade when they are of another, in violation of § 17.46(b)(7) of the DTPA;

    d.    Advertising goods or services with the intent not to sell them as advertised, in violation of § 17.46(b)(9) of the DTPA;

    e.    Representing that an agreement confers or involves rights, remedies, or obligations that it does not, in violation of § 17.46(b)(12) of the DTPA;

    f.    Representing that a guarantee or warranty confers or involves rights or remedies that it does not, in violation of § 17.46(b)(20) of the DTPA; and

    g.    Breach of an express warranty concerning insuring of the policy holders.

23.     The Defendant further violated § 17.50 of the Act in that it undertook an unconscionable course of action which took advantage of the lack of knowledge, ability, experience or capacity of Plaintiff to a grossly unfair degree.

## G.
## Violation of the Texas Insurance Code Chapter 541

24.     Defendant has violated several provisions of Chapter 541 of the Texas Insurance Code as this Defendant has engaged in unfair or deceptive insurance practices that Plaintiff relied upon to his detriment.  This Defendant has violated several provisions under Chapter 541, that include but are not limited to the following:

   a.     Making, issuing, circulating, or causing to be made, issued, or circulated any estimate, illustration, circulation, or statement misrepresenting the terms of a policy. Tex. Ins. Code § 541.051(1)(A).

   b.     Making untrue statements of material fact.  Tex. Ins. Code § 541.061(1).

   c.     Making a statement in a way that would lead a reasonable prudent person to a false conclusion about a material fact.  Tex. Ins. Code § 541.061(3).

   d.     Misrepresenting to a claimant a material fact or policy provision relating to the coverage at issue.  Tex. Ins. Code § 541.060(a)(1).

   e.     Misrepresenting the benefits or advantages promised by any policy.  Tex. Ins. Code § 541.051(1)(B).

## H.
## BREACH OF DUTY OF GOOD FAITH & FAIR DEALING

25.     Plaintiff re-alleges each and every allegation contained in Paragraphs 1 through 24 as though fully set forth here.

26.     The Defendant has breached its duty of good faith and fair dealing owed to the Plaintiff in the following respects:

    a.       Unreasonably and in bad faith failing to pay on Plaintiff's claim at a time when the Defendant knew that Plaintiff was entitled to the payment benefits under the terms disability policy;

    b.       Unreasonably withholding payment to the Plaintiff in bad faith while knowing that Plaintiff's claims for benefits under the policy were valid;

    c.       Unreasonably misrepresenting to Plaintiff pertinent facts and insurance policy provisions relating to the coverage in issue in bad faith; and

    d.       Not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim for benefits under their policy.

27.     As a proximate result of the aforementioned wrongful conduct of the Defendant, Plaintiff has suffered damages under the policy, plus interest.

## I.
### LATE PAYMENT OF CLAIM

28.     Plaintiff re-alleges each and every allegation contained in Paragraphs 1 through 27 as though fully set forth here.

29.     As explained above, Plaintiff timely made his claim for disability benefits under his policy. The claim was made in the proper form as required under the policy.  In accordance with the terms and provisions under the policy, the Defendant is liable for the claim.

30.     The Defendant violated Chapter 542 of the TEX. INS. CODE by not timely (1) accepting, rejecting, or extending the deadline for deciding the claim; or (2) paying the claim when liability was clear.  Due to the Defendant's actions, Plaintiff has suffered damages within the jurisdiction of this Court.

## J.
## Damages

31.     Plaintiff seeks damages in the form of monetary relief of less than $100,000.00 including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney fees.

## K.
## Attorney's Fees

32.     Plaintiff is entitled to recover attorney's fees as a result of the Defendant's breach of contract under Civil Practices & Remedies Code § 38.001, as well as under the Texas Deceptive Trade Practices Act and the Texas Insurance Code.

## L.
## Conditions Precedent

33.     All conditions precedent have been performed or have occurred as required by Texas Rules of Civil Procedure 54.

## M.
## Request for Disclosure

34.     Pursuant to Rule 194, Texas Rules of Civil Procedure, Plaintiff submits this Request for Disclosure to the Defendant, and the Defendant is requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a)-(l) and Rule 190.2(b)(6).

## N.
## Prayer

35.     **Wherefore, Premises Considered**, Plaintiff requests that the Defendant be cited to appear and answer, that this matter be set for trial before a jury, and that on final trial, Plaintiff be awarded judgment for an amount in excess of the minimum jurisdictional limits of this Court, for

economic damages; incidental damages; consequential damages; additional damages; treble damages; punitive damages; exemplary damages; reasonable and necessary attorney's fees; pre-judgment and post-judgment interest as allowed by law; cost of suit; and all other relief to which Plaintiff may be justly entitled, whether at law or in equity.

Respectfully submitted,

THE LAW OFFICE OF ROBERT D. DABAGHIAN
8207 Callaghan Road, Suite 250
San Antonio, Texas  78230
(210) 366-2400 Telephone
(210) 366-4791 Telecopier
txtrial@yahoo.com

By: _____
ROBERT D. DABAGHIAN
State Bar No. 24028260
ATTORNEY FOR PLAINTIFF

-10-

## 2016CV04360

CAUSE NO. _____

| | | |
|---|---|---|
| EDWARD FOLKS | § | IN THE COUNTY COURT |
| | § | |
| PLAINTIFF | § | |
| | § | |
| | § | |
| V. | § | AT LAW NUMBER ___ CC# 10 |
| | § | |
| | § | |
| ILLINOIS MUTUAL LIFE INSURANCE COMPANY | § | |
| | § | |
| DEFENDANT | § | BEXAR COUNTY, TEXAS |

---

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION

---

TO:   Illinois Mutual Life Insurance Company, by and through its attorney of record, Andrew F. MacRae, Levatino Pace, LLP, located at 1101 S. Capital of Texas Hwy., Building K, Suite 125, Austin, Texas 78746

### <u>INTERROGATORIES</u>

You are hereby directed to answer the following written Interrogatories separately and fully, in writing and under oath, in accordance with Rule 197 of the Texas Rules of Civil Procedure. You are hereby directed to answer the attached Interrogatories and to have the answers signed by the person making them and serve a true copy of the answers to The Law Office or Robert D. Dabaghian, 8207 Callaghan Road, Suite 250, San Antonio, Texas 78230, no later than fifty (50) days after service of same, or within such other time as may be prescribed by the Texas Rules of Civil Procedure.

1

## REQUEST FOR PRODUCTION

You are requested to comply with Plaintiff's Request for Production pursuant to Rule 196 of the Texas Rules of Civil Procedure.  You are directed to produce the items that are requested. The items should be produced by mailing a true and correct copy of the items to The Law Office or Robert D. Dabaghian, 8207 Callaghan Road, Suite 250, San Antonio, Texas 78230 no later than fifty (50) days after service hereof.

Respectfully submitted,

The Law Office of Robert D. Dabaghian
8207 Callaghan Road, Suite 250
San Antonio, Texas  78230
(210) 366-2400 Telephone
(210) 366-4791 Telecopier
txtrial@yahoo.com

BY: _____
ROBERT D. DABAGHIAN
State Bar No. 24028260
ATTORNEY FOR PLAINTIFF

2

## INTERROGATORIES

1.  Identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories, including their address, phone number, position held with the Defendant, job description, and job duties.

    ANSWER:


2.  Please describe all terms and conditions of the insurance policy made the basis of this suit as it relates to claims made and processed pursuant to the disability portion of said policy.

    ANSWER:


3.  Please describe in detail why Defendant originally denied Plaintiff's claim under the disability policy for damages resulting from the injury on or about July 7, 2015.

    ANSWER:


4.  If the Defendant contends that the Plaintiff failed to provide enough information for Defendant to process the claim that is made the basis of this suit in a timely manner, please explain your contentions.

    ANSWER:


5.  Does the Defendant contend that the Plaintiff failed to submit the claim for disability in the proper form and within the time specified in the insurance policy. If your answer is anything other than an unqualified "No", please state the Defendant's reasoning for initially failing to pay benefits under the policy.

    ANSWER:


6.  Does the Defendant make the legal contention that the claim for disability payments do not fall under the provisions of the policy made the basis of this suit. If your answer is anything other than an unqualified "No", please state the Defendant's reasoning for (1) first delaying payment on the claim; and (2) reasons for not paying all of the benefits due to the Plaintiff under the policy.

    ANSWER:

3

7.   Please state the legal theories and describe in general the factual bases for Defendant's defenses to Plaintiff's allegations in this suit.

ANSWER:


8.   If the Defendant contends that any party to the insurance policy did not perform their contractual obligations, explain what part of the contractual obligations they did not perform, including a description of the obligation and the exact time, date, and place of their failure to perform.

ANSWER:


9.   Please describe the manner and the extent of the investigation performed by the Defendant regarding the disability claim made by the Plaintiff.  Include in your answer all witnesses that were interviewed or questioned; all hospital staff or physicians questioned; all records reviewed and requested from any hospitals or treating physicians; and all correspondence to Plaintiff for additional information.

ANSWER:


10.  If the Defendant contends that it did not act in bad faith in denying Plaintiff's disability claim, lease set forth the facts and evidence the Defendant has to support this contention.

ANSWER:


11.  For each affirmative defense that the Defendant may be asserting, please identify the defense and generally set forth all of the facts and evidence that you intend to use to support such defense; also, for each such defense, identify all documents (by title, date, author, custodian and a summarization of contents) that you intend to use to support the defense and all persons who have knowledge of facts supporting the defense; such persons should be identified by name, address, title, relation to the parties herein and a description of the information that they are to present.

ANSWER:


12.  To the extent that the Defendant has not already done so, state in detail, the Defendant's version and description of the events which are the subject of this lawsuit.  Please provide all relevant times, dates, names, locations, and facts concerning the representations made during the claim made by Plaintiff, as well as Defendant's investigation into the claim.

4

ANSWER:

13.    Explain why no payments were made on the claim made the basis of this suit, until which time that Plaintiff employed an attorney.

ANSWER:

14.    Identify every person who is expected to be called to testify at trial. *See* Tex.R.Civ.P. 192.3(d).

ANSWER:

## REQUEST FOR PRODUCTION

1.    Please produce all records and documentation regarding the disability policy that is made the basis of this suit.

RESPONSE:

2.    Please produce a copy of any and all statements and investigative reports regarding the subject matter made the basis of this lawsuit; to include the Defendant's claim file and the Defendant's claims manual.

RESPONSE:

3.    Please produce a copy of all records and documentation regarding any changes made to the policy made the basis of this suit.

RESPONSE:

4.    Please produce a copy of all correspondence in your possession pertaining to the claim made the basis of this suit.

RESPONSE:

5.      Please provide a copy of all documents provided to the Defendant by either the Plaintiff or any facility or physician seen by Plaintiff with regard to the injuries sustained on July 7, 2015 and the claim for disability payments made the basis of this suit.

        RESPONSE:

6.      Please provide a copy of any and all written communications concerning the disability claim made the basis of this suit.

        RESPONSE:

7.      Please produce the complete claims manuals and/or procedures manuals which set forth company practices or policies regarding the handling, processing and/or investigation of claims submitted by your insured and which was or should have been utilized by you at the time Plaintiff's claim, submitted pursuant to the above-referenced policy of insurance, was handled, processed and/or investigated.

        a. All additions, revisions, deletions or other changes that have been made in the above-referenced claims manuals and/or procedures manuals from the time Plaintiff's claim was submitted  up to and including the present.

        b. Any other documents, including, but not limited to, interoffice memoranda, notes, files or reports outlining or describing procedures for claims handling, processing and investigation and which were or should have been utilized by you at the time Plaintiff's claim was handled, processed and/or investigated.

        RESPONSE:

8.      Produce all communications between Defendant and any third party regarding the claim made the basis of this suit.

        RESPONSE:

9.      Please produce a copy of any and all statements and investigative reports relied upon by the Defendant in denying Plaintiff's claim for reimbursement of medical expenditures with North Central Baptist Hospital.

        RESPONSE:

10.   Please produce any documentation, formulas, graphs, computer programs, or any other item used by the Defendant to determine the amount to be paid on the claim made the basis of this suit.

RESPONSE:

11.   Please produce a copy of the Defendant's entire claim file pertaining to the claim made the basis of this suit, to include but not limited to the following:

(a)   All interoffice memoranda or other form of written communication of the claim listed above when Defendant first received said claim;

(b)   All interoffice memoranda or other form of written communication from any employee of the Defendant relating to the continued processing of the claim listed above;

(c)   All written communication between Plaintiff and Defendant, including all proof of loss forms;

(d)   All written communication between Defendant and any third party concerning the processing, acceptance, or denial of the claim listed above;

(e)   All investigative reports concerning Plaintiff and the claim listed above, and all written communication between Defendant and any third party concerning said report or reports;

(f)   All interoffice memoranda or other form of written communication from any employee of defendant concerning denial of the claim listed above;

(g)   All written communication between Defendant and Plaintiff concerning denial of the claim listed above;

(h)   All written communication between Defendant and any third party concerning the denial of the claim listed above;

(i)   All photographs, motion pictures, or investigative reports of Defendant concerning Plaintiff taken by or on behalf of Defendant, relating to the processing or denial of the claim made the basis of this suit;

(j)   All other written documents pertaining to the processing of the claim in the possession of Defendant; and

(k)   All file folders or file jackets and adjacent or related exhibit folders in which any documents or other materials or items described above are filed or maintained.

RESPONSE:

12.     Please produce the complete underwriting file pertaining to the policy of insurance, made the basis of this suit, from the inception of the policy to the present including, but not limited to, the file folder or file folders themselves, adjacent exhibit folders, all papers, documents, and investigative reports directly pertaining to the abovementioned policy, including, but not limited to interoffice memoranda or notes pertaining to the issuance of the policy above-mentioned, and any and all written communications or statements made between defendant and other parties, which directly pertain to issuance of the abovementioned policy to Plaintiff.

    <u>RESPONSE</u>: